IRVING, J.,
Dissenting:
¶25. I believe the youth court judge failed to consider all of the relevant evidence before terminating the parental rights of A.B. and B.B. The evidence that the judge failed to consider related to the progress that A.B. had made with her substance abuse problem during the period of time from the date of the neglect hearing to the date of the termination hearing. With such a glaring omission of consideration of relevant evidence regarding AB.’s rehabilitation, I cannot agree that the judge’s decision was based on clear and convincing evidence. Therefore, I dissent. I would reverse and remand this case to the youth court for consideration of all the relevant evidence.
¶ 26. All of the pertinent facts are set out in the majority opinion. Therefore, it is not necessary that I lay a factual predicate before delving into the analysis that leads me to the view that the majority errs in finding that the judge appropriately terminated A.B.’s and B.B.’s parental rights.
¶ 27. The pertinent portion of the order terminating parental rights states:
[The Respondents, A.B. and B.B.] exhibit ongoing behavior which would make it impossible to return the Minor Petitioners to said Respondents’ care and custody because said Respondents have a drug addiction, unlikely to change within a reasonable time, which condition makes said Respondents unable to assume minimally, acceptable care of the Minor Petitioners constituting grounds for termination of their parental . rights....
The Court finds that the Respondents ... exhibit and have failed to eliminate ongoing behavior, identified to said Respondents by the Lauderdale County Department of Human Services, which prevents placement of the Minor Petitioners with said Respondents in spite of diligent efforts of the Department of Human Services to assist said Respondents constituting grounds for termination of their parental rights....
The Court finds that [Tonya, Sonya, and Ned] have been adjudicated to have been abused or neglected and custody has been transferred from [A.B. and B.B.] for placement pursuant to Section 43-15-13 of the Mississippi Code of 1972, Annotated, and a court of competent jurisdiction has determined that reunification shall not be in the Minor Petitioners’ best interest, constituting grounds for termination of their parental rights....
¶ 28. The majority correctly notes the two-part test that a court must use when deciding whether to terminate a natural parent’s parental rights: (1) “[the establishment] by ‘clear and convincing evidence that the objecting parent has either abandoned or deserted the child or is mentally or morally or otherwise unfit to rear or train the child,’ ” and (2) consideration of whether termination is in the best interest of the child. W.A.S. v. A.L.G., 949 So.2d 31, 35(¶ 10) (Miss.2007) quoting Petit v. Holifield, 443 So.2d 874, 877 (Miss.1984). The petitioner carries the burden of persuasion, and his failure to convince the court that he has met his burden as to the first prong eliminates the court’s obligation to consider the second prong. Id.
¶ 29. Mississippi Code Annotated section 93-15-103(3) (Rev.2004) specifies several grounds upon which parental rights *58 may be terminated. Clear and convincing evidence of any one of the grounds is sufficient to warrant termination. W.AS., 949 So.2d at 35(¶ 11). The judge appeared to rely entirely on the grounds stated in sub-sections (e) and (h) which state in part:
(e) The parent exhibits ongoing behavior which would make it impossible to return the child to the parent’s care and custody:
(i) Because the parent has a diagnosable condition unlikely to change within a reasonable time such as alcohol or drug addiction, severe mental deficiencies or mental illness, or extreme physical incapacitation, which condition makes the parent unable to assume minimally, acceptable care of the child; or
(ii) Because the parent fails to eliminate behavior, identified by the child caring agency or the court, which prevents placement of said child with the parent in spite of diligent efforts of the child caring agency to assist the parent; [or]
[[Image here]]
(h) The child has been adjudicated to have been abused or neglected and custody has been transferred from the child’s parent(s) for placement pursuant to Section 43-15-13, and a court of competent jurisdiction has determined that reunification shall not be in the child’s best interest.
Miss.Code Ann. § 93-15-103(3).
¶ 30. In my opinion the court’s conclusions regarding these grounds did not take into account all of the evidence available. The court ignored in its entirety evidence that A.B. had tested negative for drugs on more than one occasion since the December 30 neglect hearing. The December 30 finding of neglect also was not based on A.B.’s and B.B.’s complete inabilities to care for the children, but rather was based on A.B.’s admission that she could not care for the children while incarcerated. I note that her incarceration was due to criminal charges that were later dropped when the substance found in the house was determined not to be a controlled substance. The court did not address the fact that the charges against A.B. had been dropped. Rather, the court stated that A.B. had a drug addiction that was unlikely to be cured. I note that no evidence shoving current drug use was presented to the court. The most that was presented was that A.B. had a history of prior drug use, that she had not cooperated when asked to provide a ham sample for testing, and that two different urine samples had come back diluted, meaning that they were neither positive nor negative for drug use.
¶ 31. Termination of parental rights is an extreme measure that should be used only when doing so is in the best interest of the child. It may be that the evidence presented to the court, especially that the children were unkempt on November 9 and that A.B. was in bed with a strange man, is sufficient to terminate parental rights. However, it is clear that the court should have looked at all of the evidence concerning A.B.’s alleged drug use, such as the testimony of A.B.’s parole officer and the evidence that the substance found in the house on November 30 was not actually illegal. This is especially true because the incorrect labeling of the substance as a controlled substance was why A.B. was incarcerated and unable to care for her children when the court adjudicated them neglected on December 30, 2004.
¶ 32. For the reasons presented, I dissent. I would reverse and remand this case to the Youth Court of Lauderdale County with directions to consider all of the evidence, including evidence of the progress made by A.B. with her substance *59 abuse problem from the date of the neglect hearing to the date of the parental rights termination hearing.
KING, C.J., JOINS THIS SEPARATE WRITTEN OPINION.